IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : No. 4:19-CR-207 |
| DAMONICO HENDERSON, | : |
| | :(Magistrate Judge Arbuckle) |
| Defendant. | : |
| | : Judge Brann |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
FOR REVIEW AND REVOCATION OF PRE-TRIAL DETENTION ORDER**

Defendant Damonico Henderson, by and through his undersigned counsel, pursuant to 18 U.S.C. § 3145(b), hereby submits this Brief in support of his Motion for Review and Revocation of the pre-trial detention Order.

**FACTUAL BACKGROUND AND PROCEEDINGS BELOW**

On June 14, 2019, a Criminal Complaint was filed against Mr. Henderson charging him with Conspiracy to Distribute a Controlled Substance. Mr. Henderson was arrested at his home in Ohio on June 17, 2019 and subsequently detained.

On June 27, 2019, an indictment was returned charging him and two other individuals with Conspiracy to Distribute and related offenses. Mr. Henderson was also charged with one count of Attempted Possession with Intent to Deliver. An initial appearance and

arraignment was held on July 12, 2019 before Magistrate Judge Arbuckle. At that time, the Government invariably requested detention of Mr. Henderson and invoked the rebuttable presumption pursuant to 18 U.S.C. § 3142(e). Mr. Henderson did not contest detention at that juncture and reserved the right to challenge it.

Finally, on August 20, 2019, Mr. Henderson filed a Motion for Review and Revocation of the Detention Order. Accordingly, this Brief is being submitted in support of that Motion.

**ARGUMENT**

**MR. HENDERSON SHOULD BE RELEASED PENDING THE DISPOSITION OF THIS CASE BECAUSE HE CAN PRESENT SOME CREDIBLE EVIDENCE TO REBUT THE PRESUMPTION OF DETENTION.**

In order to obtain pre-trial detention of a defendant based upon grounds of dangerousness and flight, the government must establish that no condition or combination of conditions will reasonably assure the appearance of a defendant or the safety of the community. See 18 U.S.C. § 3142(e); United States v. Suppa, 799 F.2d 115 (3d Cir. 1996). In cases involving the statutory presumption in favor of detention set forth in 18 U.S.C. § 3142(e), a defendant need only present "some credible evidence" to rebut the presumption. See United States v. Carbone, 793 F.2d 559 (3d Cir. 1986); United States v. Gibson, 481 F. Supp. 2d 419 (W.D. Pa. 2007). A court is obligated to consider all of the enumerated factors, including the history of a defendant and

2

their characteristics, medical status, employment history, family, length of residence in the community and criminal history before making this determination. See 18 U.S.C. § 3142(g); United States v. Nwokoro, 651 F.3d 108, 111 (D.C. Cir. 2011) (remanding where the district court did not consider all the factors).

The statute sets forth a broad and non-exhaustive range of conditions which a court has at its disposal to reasonably assure the safety of the community and the appearance of a defendant during pretrial release. See 18 U.S.C. § 3142(c).

Here, applying the salient detention factors, Mr. Henderson can satisfy the low "some credible evidence" standard to rebut the presumption and demonstrate that there exist a combination of conditions of pre-trial release that will be sufficient to reasonably assure Mr. Henderson's future court appearances and the safety of the community.

First, Mr. Henderson is 55 years old. He is a lifelong resident of Elyria, Ohio and has lifelong ties to that community. See United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) ("ties to the community" means both community of arrest and community where defendant normally resides). He is married, has three adult children he raised in Ohio, and was gainfully employed in his own community.

Mr. Henderson has worked at the same job, Harkness Services ("Harkness"), for the past six years. Harkness installs exhaust hoods for industrial kitchens. According to his boss Chris Harkness, Mr. Henderson was a terrific employee and was greatly valued. He describes Mr. Henderson as "trustworthy," "reliable" and that he "gets the job done." Mr. Harkness has confirmed that if released, Mr. Henderson would have a job.[1]

Second, while Mr. Henderson does have a criminal history, it is relatively old. His last conviction was eleven years ago. Notably, he has no conviction for any violent offense. See United States v. Himler, 797 F.2d 156 (3d Cir. 1986) (there is no per-se presumption of flight based upon seriousness of charges).

Third, despite the prior criminal history, he poses no risk of flight and has no history of violating his pre-trial release or post-sentence supervision. Indeed, his last offense in 2008, a federal drug and felon not to possess case, he was released on unsecured bond. See Def.'s Ex. A. In addition, during his pre-trial release on that case, the district court permitted him to travel to Georgia to visit his mother. See Def.'s Ex. B (docket sheet entry No. 15 from N.D. Ohio). Finally, the district court

---

[1] Mr. Harkness would be available to testify at the detention hearing.

4

there permitted him to self-surrender to the Marshal's after his sentencing hearing.  See Def.'s Ex. C. (judgment self-surrender to U.S. Marshal).  This evidence plainly establishes that Mr. Henderson did not violate any terms of his pre-trial release, including his out-of-state travel to Georgia, and can otherwise comply with the rules of release.  See United States v. Hare, 873 F.2d 796 (5th Cir. 1989) (defendant rebutted the presumption of flight by establishing he had self-reported to prison in prior case and had no prior probation violations).

Fourth, Mr. Henderson was arrested on these charges in his neighborhood in Ohio.  He made no attempt to abscond or obstruct justice.

Fifth, Mr. Henderson or his family are willing to post financial resources if necessary as added assurance to comply with any release conditions.

Sixth, the allegations in the Indictment stem from 2015 and the discovery in this case that was just received last week is voluminous.  Thus far, in addition to paper discovery, it consists of twelve CD/DVD's that include various electronic surveillance, recordings and video.  Given that it is anticipated more discovery is forthcoming, the possible need to file certain pre-trial motions and for pre-trial hearings, among other things, further significant delay will be likely.

Valid pre-trial detention when it becomes prolonged can assume a punitive character and offends due process.  See United States v. Accetturo, 783 F.2d 382, 387-88 (3d Cir. 1986).  Moreover, often overlooked, there exist a myriad of hardships during pre-trial detention that include the "deterioration of morale, demeanor, finances, resources, reputation and quality and thoroughness of legal defense, [that] may combine to disadvantage the defendant."  United States v. Gallo, 653 F. Supp. 320, 337 (E.D. NY 1986).  As a result, the Court should consider the undue amount of time before trial commences in determining Mr. Henderson's continued detention.  See id.; United States v. Gato, 750 F. Supp. 664 (D.N.J. 1990) (court orders release of defendants because of excessive delay); United States v. Khashoggi, 717 F. Supp. 1048 (S.D.N.Y. 1989) (prospect of protracted pre-trial proceedings weighs against detention).

Finally, there exists a panoply of conditions to ensure Mr. Henderson's compliance with release.  His family may be able to post some monetary bail.  His wife can act as a third-party custodian.  His employer will also work with her to assure Mr. Henderson's compliance of pre-trial release.  The Court can also order him to report to pre-trial services in his home district, the Northern District of Ohio, and/or be placed on electronic monitoring.  In fact, the use of an electronic monitoring bracelet "arguably" is sufficient by itself to rebut the

presumption of detention.  See United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990).  Other reasonable conditions exist as well to ensure compliance.

**CONCLUSION**

Accordingly, for the foregoing reasons, it is respectfully requested that the Court grant a hearing on Mr. Henderson's Motion for Review and Revocation of the Detention Order and release him upon any of these conditions and such other conditions as the Court deems appropriate.

Dated:    August 20, 2019

                              MIELE & RYMSZA, P.C.

                              By:  s/Edward J. Rymsza_____
                                  Edward J. Rymsza, Esq.
                                  Pa. I.D. No. 82911
                                  Attorney for Defendant
                                  125 East Third Street
                                  Williamsport, PA  17701
                                  (570) 322-2113
                                  (570) 322-8813 (facsimile)
                                  Rymsza@comcast.net

**CERTIFICATE OF SERVICE**

I, Edward J. Rymsza, Esq., hereby certify that on this 20th day of August 2019, I served the foregoing Brief in Support of Motion for Review and Revocation of Pre-trial Detention Order upon Geoff MacArthur, Esq. by electronic mail.

Dated: August 20, 2019

                MIELE & RYMSZA, P.C.

                By: s/Edward J. Rymsza
                     Edward J. Rymsza, Esq.
                     Pa. I.D. No. 82911
                     Attorney for Defendant
                     125 East Third Street
                     Williamsport, PA  17701
                     (570) 322-2113
                     (570) 322-8813 (facsimile)
                     Rymsza@comcast.net